DAVID L. HENKIN (HSBA #6876) (*Pro Hac Vice)*
EARTHJUSTICE
850 Richards St., Suite 400
Honolulu, HI 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org

THIEN T. CHAU (CSBA #330315) (*Pro Hac Vice)*
EARTHJUSTICE
1001 G St., NW, Suite 1000
Washington, D.C. 20001
T: (202) 745-5226
Email: tchau@earthjustice.org

Rachel M. Taimanao-Ayuyu (GBA #07097)
THE LAW OFFICE OF RACHEL TAIMANAO-AYUYU
130 Aspinall Ave., Ste. 2D
Hagåtña, GU, USA 96910
T: (671) 989-0559
Email: rachel@guamcounsel.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| PRUTEHI GUAHAN, | ) | CASE NO. 1:22-cv-00001 FTG-HLK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | SUPPORT OF MOTION FOR |
| vs. | ) | RECONSIDERATION OF ORDER |
| | ) | GRANTING DEFENDANTS' MOTION TO |
| UNITED STATES DEPARTMENT OF THE | ) | STAY PROCEEDINGS |
| AIR FORCE; TROY E. MEINK, Secretary of | ) | |
| the Air Force; UNITED STATES | ) | |
| DEPARTMENT OF DEFENSE; and PETE | ) | |
| HEGSETH, Secretary of Defense, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.	INTRODUCTION

Pursuant to Civil Local Rule 7(p), Plaintiff Prutehi Guahan respectfully requests that the Court reconsider its October 7, 2025, Order granting Defendants' motion to stay proceedings. ECF 51. Reconsideration is warranted because the Court issued its Order before Prutehi Guahan's deadline to file an opposition, depriving Prutehi Guahan of the opportunity to present any arguments for the Court's consideration. The Court should reconsider its Order with the benefit of Prutehi Guahan's arguments concerning facts and law that differ materially from what was presented to the Court in Defendants' motion alone. Reconsideration is further warranted in light of the emergence of new material facts regarding the expected length of the government shutdown, which now threatens to continue indefinitely.

On reconsideration, the Court should deny Defendants' motion for stay because balancing the competing interests under the applicable legal standard weighs against granting the stay. A stay based on the government shutdown would be of unknown duration and would cause serious harm to Prutehi Guahan's interest in protecting the natural and cultural resources of Guam from ongoing open detonations. In contrast, denying the stay will not cause any significant hardships or inequities for Defendants because, if the Court denies the stay, federal employees can continue to work on the case in accordance with department policies.

## II.	STANDARD FOR A MOTION FOR RECONSIDERATION

This Court's local rules provide that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of:"

> (A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (B) the emergence of new material facts or a change of law occurring after the time of such decision, or

(C) a manifest showing of a failure to consider material facts presented to the Court before such decision."

CVLR 7(p)(1). Further, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion except to the extent necessary to demonstrate manifest error." *Id.*

## III.     RECONSIDERATION IS WARRANTED

Reconsideration of the Court's Order granting Defendants' motion for stay is warranted because Prutehi Guahan was deprived of the opportunity to present relevant facts and law in opposition to Defendants' motion before the Court ruled on the motion. Defendants filed their motion on October 1, 2025, ECF 50, and the Court granted the motion only six days later, ECF 51, which was more than two weeks *before* Prutehi Guahan's October 22, 2025, deadline to file an opposition under the local rules. *See* CVLR 7(f) ("Unless otherwise ordered by the Court or provided by statute or rule, an opposition must be served and filed within twenty-one (21) days of the filing of the motion"). Notably, Defendants did not ask the Court to shorten time, *see* CVLR 7(j), and the Court did not otherwise order Prutehi Guahan to file an opposition before the normal twenty-one-day opposition deadline. Prutehi Guahan thus had no reason to know that it would have to file its opposition immediately to have the Court consider its arguments before ruling on Defendants' motion.

Because the Court acted before the deadline for Prutehi Guahan's opposition, Prutehi Guahan had no opportunity to present any of the arguments that it now raises in this motion. Reconsideration is warranted because Prutehi Guahan's arguments raise "material difference[s] in fact and law from that represented to the Court" solely in Defendants' motion at the time the Court made its decision. CVLR 7(p)(1)(A). Further, despite Prutehi Guahan's exercise of reasonable diligence in complying with the local rule's briefing deadlines, it "could not have …

2

known" that the Court would grant Defendants' motion two weeks before Prutehi Guahan's deadline to file an opposition. *Id.*[1]

In an analogous situation, this Court has granted a motion for reconsideration where the movant was not able to adequately brief an issue prior to the Court's ruling, despite the movant's exercise of reasonable diligence. *See Carlberg v. Guam Indus. Servs.*, No. CV 14-00002, 2019 WL 2291447 (D. Guam May 29, 2019). In *Carlberg*, the court ruled on several of the plaintiffs' motions in limine and held, in relevant part, that (1) the defendants failed to provide WARN Act notice to terminated employees but also that (2) defendants were not prohibited from raising WARN Act affirmative defenses despite having failed to provide the required notice. *Id.* at *1–2. The plaintiffs asked the court to reconsider the second issue, arguing that plaintiffs did not have the opportunity to specifically brief it. *Id.* at *2. The court agreed, explaining that, "[i]n the Ninth Circuit, 'errors of law are cognizable under Rule 60(b),'" and "[t]his court interprets CVLR 7(p) to be consistent with Rule 60(b), such that CVLR 7(p) permits motions for reconsideration when a court makes an unforeseeable legal ruling that, despite the moving party's 'exercise of reasonable diligence,' was not adequately briefed prior to the ruling." *Id.* (citing *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)). Similarly, reconsideration is warranted here because it was unforeseeable that the Court would grant Defendants' motion for stay before Prutehi Guahan's deadline to file an opposition, depriving Prutehi Guahan of the opportunity to present arguments in opposition.

---

[1] Reconsideration of the Court's Order does not run afoul of the local rules' prohibition on "repeat[ing] any oral or written argument made in support of or in opposition to the original motion," as Prutehi Guahan was deprived of the opportunity to make ***any*** oral or written arguments in opposition to Defendants' motion before the Court issued its decision. *Id.*

3

"[T]he emergence of new material facts . . . occurring after the time of" the Court's order provides additional grounds for reconsideration here. CVLR 7(p)(1)(B). Since the government shutdown began more than two weeks ago, it has become clear that it will drag on for much longer than initially anticipated. *Compare* CNN, *October 2, 2025: Day 2 coverage of the government shutdown*, https://www.cnn.com/politics/live-news/government-shutdown-news-10-02-25 (shutdown expected to extend into following week) *with* NPR, *The federal government is still shut down. Here's what that means across the country* (Oct. 16, 2025), https://www.npr.org/2025/10/15/nx-s1-5575134/government-shutdown ("The government shutdown has lasted 16 days — and counting," and "Republicans and Democrats appear no closer to an agreement to reopen it"). This new fact is material to "the possible damage which may result from the granting of a stay"—a factor the Court must weigh in considering a stay request, as explained further below. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

For the foregoing reasons, the Court should consider the merits of Prutehi Guahan's motion for reconsideration.

IV.     ON RECONSIDERATION, THE COURT SHOULD DENY DEFENDANTS' REQUEST TO STAY THIS CASE

On the merits, Defendants' motion for stay should be denied because Defendants have not met their burden to justify a stay. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). In considering a stay request, this Court must weigh "competing interests," including: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) whether a stay could simplify or complicate issues, proof, and questions of law. *Lockyer*, 398 F.3d at 1110 (citation omitted). Only the first two elements are at issue here.

To the first factor, a stay of this case will harm Prutehi Guahan's and its members' interests in protecting natural and cultural resources in northern Guam. While this case remains pending, Defendants continue to open detonate bombs and other explosive hazardous waste on Tarague Beach, without any analysis under the National Environmental Policy Act to inform Defendants' decision whether to continue this destructive practice. *See Prutehi Litekyan: Save Ritidian v. U.S. Dep't of Air Force*, 128 F.4th 1089, 1104, 1113 n.9 (9th Cir. 2025). These ongoing open detonations threaten to release toxic contaminants and unexploded ordnance into the environment, harming Prutehi Guahan's and its members' unique interests in protecting the land, air, and water surrounding the open detonation site. *See id.* at 1104 (noting "known potential environmental impacts of [open detonation] operations, including groundwater contamination[ and] ejection of waste materials into the ground or air"). Prutehi Guahan's members include families who spend time at Tarague Beach for recreational, cultural, spiritual, and aesthetic purposes; fishers who gather food for their communities from sites in the ocean adjacent to the open detonation range; wildlife biologists who study nearby endangered green sea turtles; and families of the original landowners who worry that open detonations will permanently contaminate the site that they wish to see returned to their families. *See id.* at 1104-05. Expeditious resolution of this case is critical to avert continued serious harm to these interests, while delay—particularly open-ended delay pending resolution of the government shutdown—threatens more harm. Defendants' motion fails entirely to address these harms.

Under the second stay factor, "if there is even a ***fair possibility*** that [a] stay . . . will work damage to some one else," the party seeking the stay "must make out a ***clear case of hardship or inequity*** in being required to go forward." *Lockyer*, 398 F.3d at 1109 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (emphasis added). Here, there is at least a fair possibility—if not

5

a certainty—that a stay will harm Prutehi Guahan and its members by allowing open detonation at Tarague Beach to continue into the indefinite future. *See Prutehi Litekyan: Save Ritidian*, 128 F.4th at 1104-05. Yet Defendants make no case of hardship or inequity.

Prutehi Guahan understands that, as a general matter, "[a]bsent an appropriation, [Department of Justice] attorneys are prohibited from working, even on a voluntary basis." ECF 50, at 2, ¶ 2. However, if this Court denies the request for a stay and orders litigation to proceed, according to Department of Justice ("DOJ") policy "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." Ex.A: U.S. Department of Justice FY 2026 Contingency Plan at 3 (Sept. 29, 2025). Consequently, while the government's civil litigators are required to request a stay, this Court's denial of the request allows DOJ attorneys to continue working while the litigation proceeds. *See id*. Plainly, there is no hardship or inequity to Defendants under these circumstances, and certainly not any hardship that outweighs the risk of harm to Prutehi Guahan's interests from granting the stay.

Applying this same reasoning, other courts have denied nearly identical requests from the Federal government for stays due to lapse of appropriations during this government shutdown as well as in previous shutdowns. *See e.g.*, *In re Camp Lejeune Water Litig*., No. 4:23-CV-62, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025) ("To the extent the government contends it is prohibited from working on these cases due to the current lapse in appropriations, other courts have not been so persuaded and have instead found that such work is in fact authorized."); *Lehman v. U.S. Dep't of Lab.*, No. 25-11846, 2025 WL 2808472 (E.D. Mich. Oct. 2, 2025); *United States v. Maine*, No. 1:24-CV-00315-SDN, 2025 WL 2879784 (D. Me. Oct. 9, 2025); *Kornitzky Group, LLC v. Elwell,* 912 F.3d 637, 639 (D.C. Cir. 2019) ("So far as we have been

6

able to determine, not a single motion seeking a stay was granted during the 2013 shutdown. . . . [D]uring the current Government shutdown, our practice has been the same.").

V.       CONCLUSION

For the foregoing reasons, Prutehi Guahan respectfully asks this Court to reconsider its October 7, 2025, Order and, on reconsideration, deny Defendants' motion to stay proceedings.

DATED: October 16, 2025.


/s/ David L. Henkin
DAVID L. HENKIN (HSBA #6876)
Admitted *Pro Hac Vice*
THIEN T. CHAU (CSBA #330315)
Admitted *Pro Hac Vice*
EARTHJUSTICE

*Attorneys for Plaintiff Prutehi Guahan*

RACHEL M. TAIMANAO-AYUYU (GBA #07097)
THE LAW OFFICE OF RACHEL TAIMANAO-AYUYU

*Local Counsel for Plaintiff Prutehi Guahan*