# U.S. Department of Justice FY 2026 Contingency Plan

- September 29, 2025 -

This FY 2026 Contingency Plan covers Department of Justice (DOJ or the Department) operations during a lapse in appropriations.

The Antideficiency Act restricts the Federal Government's ability to obligate funds in advance of appropriations or beyond appropriated levels. During a lapse in appropriations, the Department will only continue the following categories of activities:

1. Those funded by a source that has not lapsed, such as permanent indefinite appropriations and carryover of no-year funds appropriated in a prior year;

2. Those for which there is an express authority to continue during an appropriations lapse;

3. Those for which authority to continue during an appropriations lapse arises by necessary implication;

4. Those related to the discharge of the President's constitutional duties and powers; and

5. Those related to "emergencies involving the safety of human life or the protection of property," *i.e.,* where there is a reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question.

The Department of Justice is comprised of components that have a broad array of national security, law enforcement, and criminal justice system responsibilities. The Department's mission is to enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.

Therefore, a significant portion of the Department's mission relates to the safety of human life and the protection of property, and primarily for this reason, the Department has a high percentage of activities and employees that are excepted from the Antideficiency Act restrictions and can continue during a lapse in appropriations. Other activities and employees are excepted because they are funded with multi-year or no-year appropriations, or because they are Presidential appointees, most of whom are excepted from furlough because they are not covered by the leave system in 5 U.S.C. Chapter 63.[1] Note that the contingency plan assumes that, at the

---

[1] Note: Former career Senior Executive Service (SES) appointees who receive a Presidential appointment that would

Case 1:22-cv-00001    Document 62-3    Filed 10/17/25    Page 1 of 3

EXHIBIT A

time of a shutdown, all Components and Subcomponents normally headed by a Presidential appointee are in fact headed by a Presidential Appointee.   If at the time of shutdown, the Department does not have Presidential appointees in one or more of those positions, the Department will determine the excepted status of those who are acting in those positions in accordance with the criteria above.

## Agency Summary

The total number of agency employees on board at the time the Department initially issued this Contingency Plan was 115,131[2] (see Table 2).  Based on onboard personnel data as of May 31, 2025, for a lapse in appropriations for the first five calendar days of FY 2026, beginning on October 1, 2025, 102,291 DOJ employees would be excepted from furlough (see Table 1), representing 89% of DOJ on-board employees.

**Table 1: Department of Justice FY 2026 Contingency Plan Exceptions
Employees Excepted from Furlough**

| Categories | | Total Excepted Employees |
|---|---|---|
| Category 1 | Employees whose compensation is financed by a resource other than annual appropriation (also referred to as "exempt employees") | 4,930 |
| Category 2 | Employees necessary to perform activities expressly authorized by law to continue during a lapse in appropriations | 1,408 |
| Category 3 | Employees necessary to perform activities necessarily implied by law | 3,190 |
| Category 4 | Employees necessary to the discharge of the President's constitutional duties and powers | 30 |
| Category 5 | Employees necessary to protect life and property | 92,733 |
| **Total** | | **102,291** |

normally convey an exemption from the leave system may be eligible to elect to retain SES leave benefits under 5 U.S.C. § 3392(c).  If SES leave benefits are so elected, such a Presidential Appointee would be subject to furlough under 5 CFR part 359, subpart H, unless otherwise excepted.

[2] With limited exceptions, onboard staffing data are derived from DOJ's payroll system and reflect information from pay period 10, 2025.

Case 1:22-cv-00001    Document 52-3    Filed 10/17/25    Page 2 of 3

The Department's plan is consistent with Office of Legal Counsel (OLC) opinions and Office of Management and Budget (OMB) guidance and conforms to the following general principles:

- The law enforcement capacity of the U.S. Government should not be impaired or perceived to be impaired. To do so could constitute an imminent threat to the safety of human life and the protection of property.

- Components may call some employees back to work if the need for their services becomes critical, and furlough others as conditions change.

- Ancillary support services will be maintained to the extent necessary to support excepted operations. These ancillary functions include legislative affairs and other congressional support activities, public affairs activities, and community outreach, which may be conducted to the extent the failure to perform those functions prevents or significantly damages the functioning of a funded component, the operations of other funded parts of the Government, or the performance of an excepted function.

- Employees may not be reassigned or given new duties, and offices may not be restructured, in order to move individuals from a non-excepted function into an excepted function (although some rotational coverage of excepted positions will occur).

With respect to litigation, the Department's plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse. Therefore:

- Criminal litigation will continue without interruption as an activity essential to the safety of human life and the protection of property. Domestic and international extraditions are also necessary to protect life and property and therefore excepted. Extradition requests are made pursuant to bilateral and multilateral treaties which carry obligations to extradite within a treaty deadline timeframe that cannot be extended due to a lapse in appropriation.

- Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property. Litigators will approach the courts and request that active cases, except for those in which a delay would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available. If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue. The Department will limit its civil litigation staffing to the minimum level needed to comply with the court's order and to protect life and property. Receipt of summonses, pleadings and motions by mail may be delayed.

3