THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| PRUTEHI GUAHAN, | ) | CIVIL CASE NO. 22-00001 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | **ORDER** |
| AIR FORCE, *et al.*, | ) | Granting Plaintiff's Motion for |
| | ) | Reconsideration |
| Defendants. | ) | (ECF No. 52) |
| | ) | |

This matter is before the court on the Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion to Stay Proceedings (the "Motion for Reconsideration), filed on October 17, 2025. *See* ECF No. 52. Having ordered expedited briefing on the matter and reviewed the parties' filings, the court grants the Motion for Reconsideration and vacates the stay previously granted by the court on October 7, 2025. *See* ECF No. 51.

**I.    Discussion**

The first issue before the court is whether reconsideration is warranted. While the Defendants contend that the Plaintiff has not shown why this case is one of those rare instances where reconsideration is warranted, the court disagrees. A "motion to reconsider would be appropriate where, for example, the court . . . has made a decision outside the adversarial issues presented to the court by the parties[.]" *United States v. Guerrero*, No. 05-mj-45, 22006 U.S. Dist. LEXIS 34581, at *1 (D. Guam May 24, 2006) (quoting *Urtuzuastegui v. United States*, 2001 WL 175940, at *1 (D. Ariz. Jan. 9, 2001)). The court prematurely granted the Defendants' Motion to Stay (ECF No. 50) without giving the Plaintiff the opportunity to be heard; thus, reconsideration is appropriate.

*Prutehi Guahan v. United States Department of the Air Force, et al.*, Civil Case No. 22-00001
Order Granting Motion for Reconsideration re Stay

Page 2 of 4

1  With the Plaintiff's Motion for Reconsideration, the court has now had the benefit of briefing

2  from both parties and determines whether to vacate the Order Granting the Defendants' Motion to

3  Stay based on its authority to manage its docket. When making this decision, the court considers the

4  parties' competing interests, including whether any party will suffer prejudice, hardship or inequity

5  if the case were to proceed or be stayed and whether a stay would simplify or complicate the issues.

6  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

7  Significantly, this case has been pending for more than three years without much progress

8  on the merits of the Plaintiff's challenge, although through no fault of the parties. The Plaintiff

9  asserts that any further delay adversely affects it because even with a temporary pause in non-

10  emergency open detonations until December 1, 2025, as proposed by the Defendant, the Air Force

11  would be allowed to "simply store its hazardous waste munitions . . . and then . . . blow them all up"

12  following the pause.  Pl.'s Reply at 7, ECF No. 56.  The Plaintiff further argues that "[d]elay in

13  resolving this case through issuance of an indefinite stay . . . allows for a longer duration within

14  which the Air Force can conduct open detonations, thus allowing for a greater total quantity of

15  hazardous waste munitions to be open detonated than would be possible otherwise, harming

16  [Plaintiff's] interests." *Id.*  The court finds merit to the Plaintiff's assertions that an indefinite stay

17  even with a temporary pause to non-emergency detonations would harm the Plaintiff.

18  In its Opposition to the Motion for Reconsideration (ECF No. 55), the Defendants propound

19  various grounds for maintaining the stay.  First, the Defendants assert that General Order 25-0020

20  limits the court's functions during this time to addressing emergency circumstances and this case is

21  not an emergency.  Defs.' Opp'n at 3, ECF No. 55.  General Order 25-0020 does not preclude this

22  case going forward.  Rather, it recognizes that despite the lapse in appropriations, the court has an

23  obligation to carry out its "constitutional functions," which includes resolving civil cases where there

24  is a "threat[] [to] the safety of human life or [for] the protection of property." Gen. Order 25-0020

25  at 1. This case involving environmental contamination threatening  human health falls squarely

26  within the category of cases that are excepted and is clearly not prohibited from moving forward by

27  General Order 25-0020.

28  Second, the Defendants argue that a stay is warranted because "the U.S. Solicitor General

1  recently decided to file a petition for writ of certiorari reviewing the Ninth Circuit's decision in this
2  matter." Defs.' Opp'n at 3, ECF No. 55. The Defendants indicate that a stay would result in judicial
3  economy in the event the Supreme Court granted the petition. The court, however, finds no merit
4  to this argument. The Defendants never sought a stay of the Ninth Circuit's mandate while they
5  worked on petitioning for certiorari, nor did they file a motion for stay on such grounds when they
6  had the opportunity to do so following this court's August status hearing. *See* ECF No. 45.

7     Finally, the Defendants assert a hardship if the stay were lifted because counsel and "civilian
8  employees at relevant client agencies may be recalled to work without compensation." *Id.* at 9.
9  However, as the Plaintiff points out, "denying the stay would not be the reason why Defendants'
10  counsel and agency staff are not being paid; they already are not receiving compensation because of
11  the lapse in government appropriations." Pl.'s Reply at 6, ECF No. 56. Lifting the stay would allow
12  counsel and other employees to work on excepted activities until funding is restored as envisioned
13  in the Department of Justice's FY 2026 Contingency Plan ("Plan"). *See* Ex. A to Pl.'s Mot.
14  Reconsideration, ECF No. 52-3. The Plan provides: "Litigators will approach the courts and request
15  that active cases . . . be postponed until funding is available. If a court denies such a request and
16  orders a case to continue, the Government will comply with the court's order, which would
17  constitute express legal authorization for the activity to continue." The Plan and the Anti-Deficiency
18  Act, as amended by the Government Employee Fair Treatment Act of 2019, specifically anticipate
19  that government employees will work on excepted activities during a lapse in appropriations and be
20  paid when the lapse in appropriations ends. *See* 31 U.S.C. § 1341(c)(2). An indefinite stay is not
21  warranted because of any hardship to counsel and civilian employees caused by the current lapse in
22  government appropriations.

23  **II.    Conclusion**

24     After weighing the parties' hardships and competing interests, the court finds that
25  maintaining a stay of this action for an indefinite period is not warranted. The court grants the
26  Plaintiff's Motion for Reconsideration and orders that the stay previously granted by the court be
27  vacated. The court orders the parties to meet and confer to discuss in good faith a new schedule for
28  compiling and serving the draft administrative record. The parties are ordered to file a stipulation

*Prutehi Guahan v. United States Department of the Air Force, et al.*, Civil Case No. 22-00001
Order Granting Motion for Reconsideration re Stay

Page 4 of 4

on a proposed revised schedule within two weeks of this court's order. If Defendant is unable to meet its obligations under a revised schedule because specific employees are furloughed, then the Defendants may move the court for an extension, to be supported by a declaration from counsel attesting to the specific facts preventing timely compliance.

IT IS SO ORDERED this 29th day of October, 2025.

HEATHER L. KENNEDY
U.S. Magistrate Judge