ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MATTHEW P. RAND (NY #4937157)
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
150 M Street NE, Room 3.128
Washington, D.C. 20002
Telephone: (202) 532-5083
Facsimile:  (202) 305-0506
matthew.rand@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| PRUTEHI GUAHAN,<br><br>               Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF THE AIR FORCE; TROY E. MEINK, in his official capacity as Secretary of the Air Force; UNITED STATES DEPARTMENT OF DEFENSE; PETE HEGSETH, in his official capacity as Secretary of Defense,<br><br>               Defendants. | Case No. 22-cv-00001<br><br>Tydingco-Gatewood, C.J.<br>Kennedy, M.J. |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants the United States Department of the Air Force, Troy E. Meink, in his official capacity as Secretary of the Air Force, the United States Department of Defense, and Pete Hegseth, in his official capacity as Secretary

1

of Defense (collectively "Defendants") hereby answer Plaintiff's Complaint.[1] ECF No. 1. The numbered paragraphs and sections[2] of this Answer correspond to the numbered paragraphs and sections of the Complaint.[3]

## INTRODUCTION

1. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

2. Defendants admit that an application for renewal of a Hazardous Waste Management Facility Permit for Open Burn/Open Detonation ("OB/OD") operations at the Explosive Ordnance Disposal ("EOD") Range ("Permit Application") was submitted to the Guam Environmental Protection Agency ("Guam EPA") on May 17, 2021. Defendants deny that the Permit Application acknowledges that OB/OD operations may adversely affect culturally significant sites, the marine environment, groundwater quality, or endangered species. The remainder of this Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants Meink and Hegseth were substituted for Frank Kendall and Lloyd Austin.
[2] Defendants include the section headings in the Answer solely for the convenience of the reader. The headings do not form any part of the Answer. To the extent the headings in the Complaint include substantive allegations, Defendants deny them.
[3] Plaintiff's claim is subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). Accordingly, because the Court does not operate as a fact-finder during review under the APA, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute. *See, e.g.*, *Alexander v. Merit Sys. Prot. Bd.*, 165 F.3d 474, 480 (6th Cir. 1999) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA)). Nonetheless, Defendants submit this Answer to ensure compliance with Federal Rule of Civil Procedure 8.

3. Defendants admit that the Air Force proposes to treat hazardous waste munitions by engaging in open detonation. Defendants further admit that open detonation may release by-products to the surrounding environment. Defendants deny the remainder of the allegations in this Paragraph.

4. Defendants admit that the EOD Range is adjacent to the Pacific Ocen and that the beach where the Range is located is nesting habitat for the endangered green sea turtle. Defendants deny the remainder of the allegations in this Paragraph.

5. Defendants deny the allegations in this Paragraph.

6. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

## JURISDICTION AND VENUE

7. Defendants admit that 28 U.S.C. § 1331 confers jurisdiction on this Court to hear claims "arising under" the laws of the United States. Defendants further admit that 28 U.S.C. § 1361 confers "original jurisdiction" on "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the public." Defendants also admit that 28 U.S.C. § 2201 permits district courts to "declare the rights and other legal relations of any interested party seeking such declaration" in certain circumstances and that 28 U.S.C. § 2202 provides for "[f]urther necessary or proper relief based on a declaration judgment or decree" in certain circumstances. The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

8. Defendants admit that 28 U.S.C. § 1391 pertains to venue of civil actions brought in the district courts of the United States. Defendants further admit that § 1391(e) pertains to venue

where the defendant is an officer or employee of the United States and that the two individual defendants were sued in their official capacity as officers or employees of the United States. The remaining allegations in this Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**PARTIES**

9. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

10. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

11. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

12. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

13. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

14. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

15. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

16. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

17. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

18. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

19. Defendants admit that the Department of the Air Force is an agency of the Department of Defense.[4] The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

20. Defendants admit that Troy E. Meink is the Secretary of the Air Force and the highest-ranking official within the Department of the Air Force. Defendants further admit that Plaintiff sued Mr. Meink in his official capacity.

21. Defendants admit that the Department of Defense is a federal agency. The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

22. Defendants admit that Pete Hegseth is the Secretary of Defense. Defendants further admit that Plaintiff sued Mr. Hegseth in the official capacity.

**STATUTORY AND REGULATORY FRAMEWORK**

Purpose of NEPA and Obligation to Prepare a NEPA Analysis

---

[4] On September 5, 2025, the President issued Executive Order 14347, "Restoring the United States Department of War," in which the President "authorized" the Secretary of Defense to use "Secretary of War" as an "additional secondary title" in "official correspondence, public communications, ceremonial contexts, and non-statutory documents within the executive branch." E.O. 14347 § 2. The Order also stated that "[t]he Department of Defense . . . may be referred to as the Department of War" in the same circumstances. *Id*. § 2(b). The Order cautioned that these "secondary titles" should not be used if doing so would "create confusion with respect to legal, statutory, or international obligations," and it recognized that "[s]tatutory references to the Department of Defense[ and] Secretary of Defense . . . shall remain controlling until changed subsequently by the law." *Id*. §§ 2(d)(e). Many, if not all, of the documents and events pertaining to this lawsuit predate Executive Order 14347. To minimize confusion, Defendants will continue to use the statutory titles in this Answer (*e.g.*, Department of Defense and Secretary of Defense).

5

23. This Paragraph purports to quote and/or characterize a federal statute, a federal regulation, and the decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989). These sources speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these authorities. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

24. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations.

25. This Paragraph purports to quote and/or characterize the decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989). This decision speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with this decision.

26. This Paragraph purports to quote and/or characterize a federal statute and a federal regulation. These legal authorities speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these authorities. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

27. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

28. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

29. This Paragraph purports to quote and/or characterize a federal regulation and the decision in *Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc.*, 462 U.S. 87, 97 (1983). These sources themselves are the best evidence of their contents. Defendants deny any allegations inconsistent with these authorities. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

<u>Required Scope of NEPA Analysis</u>

30. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

31. This Paragraph purports to quote and/or characterize a federal statute. This statute speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with this statute. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

32. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any

allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

33. This Paragraph purports to quote and/or characterize the decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989). This decision speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with this decision.

34. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

Air Force Procedures to Ensure NEPA Compliance

35. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

36. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

37. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

38. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

Reliance on Prior NEPA Documents

39. This Paragraph purports to quote and/or characterize federal statutes and/or regulations. These provisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these provisions. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

40. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

41. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any

allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

42. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

Public Involvement in NEPA Process

43. This Paragraph purports to quote and/or characterize a federal regulation. This regulation speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with this regulation. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

44. This Paragraph purports to quote and/or characterize the decision in *State of California v. Block*, 690 F.2d 753 (9th Cir. 1982). This decision speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with this decision.

45. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

46. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

47. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

48. This Paragraph purports to quote and/or characterize federal regulations. These regulations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with these regulations. To the extent this Paragraph provides Plaintiff's legal conclusions, no response is required. To the extent a response is required, Defendants deny these allegations.

## FACTUAL BACKGROUND

OB/OD Operations at Andersen Air Force Base

49. Defendants admit that it submitted the Permit Application on May 17, 2021 to Guam EPA. Defendants also admit that the EOD Range is located at the eastern reach of Tarague Beach, ending just before Tagua Point. The remainder of the allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

11

50. The allegations in this Paragraph appear to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

51. The allegations in the first and third sentences in this Paragraph appear to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations. The allegations in the second sentence in this Paragraph purports to include a quotation defining opening burning. Defendants lack information sufficient to form a belief as to the truth of the allegations in this sentence and, therefore, deny those allegations.

52. The allegations in this Paragraph appear to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

53. The allegations in this Paragraph appear to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

54. Defendants deny that a new device to restart open burning operations will be constructed. Defendants admit the remainder of the allegations in this Paragraph.

OB/OD Operations Have the Potential for Significant Impacts

55. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

56. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

57. The allegations in this Paragraph appear to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

58. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

59. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

60. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

61. The allegations in this Paragraph purport to characterize the Permit Application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit Application, Defendants deny the allegations.

<u>Alternatives to OB/OD to Treat Hazardous Waste Munitions</u>

62. The allegations in this Paragraph purport to characterize a report by the National Academies of Sciences, Engineering, and Medicine ("NAS Report"). The NAS Report speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph are inconsistent with the NAS Report, Defendants deny the allegations. Defendants lack information

sufficient to form a belief as to the truth of the allegations in the last sentence in this Paragraph, and, therefore, Defendants deny those allegations.

63. The allegations in this Paragraph purport to characterize the NAS Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph are inconsistent with the NAS Report, Defendants deny the allegations.

64. Defendants admit that EPA issued a "Final Report" entitled "Alternative Treatment Technologies to Open Burning and Open Detonation of Energetic Hazardous Wastes" in December 2019. This report speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph are inconsistent with this report, Defendants deny the allegations.

65. Defendants admit that the United States Navy issued a final EIS for "The Mariana Islands Training and Testing Activities" ("MITT EIS") in May of 2015. The remainder of the allegations in this Paragraph appear to characterize the MITT EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the MITT EIS, Defendants deny the allegations.

66. Defendants admit the allegations in this Paragraph.

67. The allegations in this Paragraph appear to characterize the MITT EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the MITT EIS, Defendants deny the allegations.

68. Defendants admit the allegations in this Paragraph.

Defendants' Failure to Conduct NEPA Analysis for OB/OD Operations at Andersen AFB

69. Defendants admit the allegations in this Paragraph.

70. Defendants admit the allegations in this Paragraph.

71. Defendants deny the allegations in this Paragraph.

## CLAIM FOR RELIEF

(Violations of National Environmental Policy Act and Administrative Procedure Act—Failure to Prepare an Environmental Assessment or Environmental Impact Statement)

72. Defendants adopt by reference their responses to Paragraphs 1-57.

73. Defendants admit that they are agencies of the federal government and subject to the requirements of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, where applicable.

74. Defendants deny the allegations in this Paragraph.

75. Defendants deny the allegations in this Paragraph.

76. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

77. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

78. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

79. This Paragraph provides Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Paragraphs 80 through 84 are Plaintiff's requested relief from this Court and, therefore, no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All of the allegations in the Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## DEFENSES

1. Plaintiff lacks standing to assert the claim alleged in the Complaint.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust their administrative remedies for some or all of their claims.

## DEFENDANTS' PRAYER

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiff, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 15th day of January, 2026.[5]

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Matthew P. Rand*
Matthew P. Rand
Trial Attorney
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE, Room 3.128
Washington, D.C. 20002
Telephone: (202) 532-5083
Facsimile: (202) 305-0506
matthew.rand@usdoj.gov

*Counsel for Defendants*

---

[5] Counsel for Defendants signed and filed this Answer on January 15, 2026 in Washington, D.C.